IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–1–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ROBERTA ROSE WIDDICOMBE, | |
| Defendant. | |

Before the Court is Defendant Roberta Rose Widdicombe's Unopposed Motion for Early Termination of Supervision. (Doc. 60.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer Preston Tescher believes Defendant has received the maximum benefit from her time on federal supervision. (*Id.*) For the reasons below, the Court grants the motion.

**Background**

On March 22, 2022, Defendant was sentenced for conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Doc. 29.) The Court sentenced Defendant to 37 months of imprisonment, followed by three years of supervised release. (*Id.* at 2–3.) Defendant began serving her current term of supervision on March 2, 2022. (Doc. 61 at 2.)

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that her supervised release should be terminated because he has served over two years of her three-year term of supervised release, she remains a law-abiding citizen, and she has made great changes to her life. (Doc. 61 at 5.) Defendant has met all of her financial obligations. (*Id.* at 4.) She obtained a contractor's license in 2023 and now runs her own cleaning business, Puritan Cleaning Services. (*Id.*) Defendant completed the Gallatin County

Treatment Court in October 2023 and has been attending self-help, community-based programs regularly. (*Id.*) The Court is impressed with Defendant's success and believes she can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 60) is GRANTED. Roberta Rose Widdicombe's term of supervised release is TERMINATED as of the date of this Order.

DATED this 15th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court